**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RASHAD PAYNE,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| **VS.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | **No. 03-3919** |
| | : | |
| **Defendants.** | : | |
| | : | |

**ORDER**

**AND NOW,** this ____ day of _________________, 2004, upon consideration of Defendants' Motion to Compel the Production of All Documents that Refer or Relate to Plaintiff's claim for damages, including but not limited to mental health and/or psychiatric records, and any response thereto, it is **HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff shall produce complete copies of his records from any and all mental health providers plaintiff has seen in the past two years.
2. Plaintiff shall produce any other documents that in any way refer or relate to his claim for damages in this matter.
3. Such records shall be produced within seven days of the date of this Order.
4. Failure to comply with this Order shall result in the imposition of sanctions, including but not limited to preclusion of evidence at trial, and/or dismissal of plaintiff's claim.

**BY THE COURT:**

______________________________

**McGirr Kelly, J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RASHAD PAYNE,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| **VS.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | **No. 03-3919** |
| | : | |
| **Defendants.** | : | |
| | : | |

**DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS RELATING TO DAMAGES CLAIM, INCLUDING BUT NOT LIMITED TO MENTAL HEALTH RECORDS**

Defendants the City of Philadelphia, DHS Commissioner Alba Martinez, Gary Hines, and Shirley Hooks (erroneously identified as "Shirley Cook") (hereinafter "defendants"), by and through undersigned counsel, hereby file this Motion to Compel the production of any and all documents that relate to plaintiff's claim for damages. In support of this Motion, defendants aver as follows:

1. Plaintiff Rashad Payne has filed this civil rights suit, alleging that his constitutionally-protected rights were violated when allegedly confidential information was released by DHS social workers in response to a subpoena served by plaintiff's estranged wife's attorney.

2. Plaintiff Payne contends in this lawsuit that as a result of defendants' actions, he "suffered and continues to suffer serious mental anguish, psychological and emotional distress[.]" See Complaint, ¶ 35. Plaintiff Payne further alleges that defendants' actions caused him "fear, anxiety, embarrassment, severe emotional trauma[.]" See Complaint, ¶ 45.

3. By agreement of counsel, plaintiff Payne's deposition was scheduled to be held on February 4, 2004. Defense counsel served a notice of deposition on plaintiff Payne, which included a "Schedule A" that required plaintiff to bring with him to his deposition "any and all documents, including but not limited to medical records . . . that refer or relate to, or otherwise support, plaintiff's claimed damages in this lawsuit." See Exhibit 1 hereto.

4. Plaintiff Payne did not bring any such documents to his deposition.

5. At his deposition on February 4, 2004, plaintiff Payne testified that he has received mental health counseling and/or therapy through "Delaware Valley Services" and from a Dr. Dikan. See Deposition of Rashad Payne at p. 155-157, Exhibit 2 hereto. Defense counsel requested production of such records, pointing out that the Federal Rules of Civil Procedure require production of documents that relate to plaintiff's claim for damages; plaintiff's counsel agreed. See Deposition of Rashad Payne at p. 157, Exhibit 2 hereto.

6. During subsequent conversations, defense counsel has renewed the request for production of these records.

7. On March 9, defense counsel sent plaintiff's counsel a letter, reminding plaintiff's counsel of the outstanding request, and the numerous conversations between counsel concerning same, and requested immediate production of records from mental health professionals seen by plaintiff. See Exhibit 3 hereto.

8. Plaintiff has not provided the requested records.

9. Defendants have attempted in good faith to resolve this matter without the need for Court intervention, including a conversation on the record during the deposition, numerous follow-up telephone conversations, and follow up correspondence. Plaintiff has not

provided information that is central to plaintiff's damages claim, which defendant is entitled to have.

10. Defendants have been prejudiced by plaintiff's failure to produce his mental health records and any other documents that refer or relate to his claim for damages.

11. Defendants respectfully request that this Court enter the attached Order, requiring plaintiff to produce the mental health records and any other documents that refer or relate in any way to plaintiff's claim for damages within seven days of the date of the Order.

**WHEREFORE,** defendants respectfully request that this Court grant their motion, and enter the attached order.

City of Philadelphia Law Department

________________________________

Lynne A. Sitarski
Deputy City Solicitor
Law Department - Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

DATED: March 26, 2004

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RASHAD PAYNE,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| **VS.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | **No. 03-3919** |
| | : | |
| **Defendants.** | : | |
| | : | |

**DEFENDANTS' MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO COMPEL**
**PRODUCTION OF DOCUMENTS RELATING TO DAMAGES CLAIM,**
**INCLUDING BUT NOT LIMITED TO MENTAL HEALTH RECORDS**

Defendants the City of Philadelphia, DHS Commissioner Alba Martinez, Gary Hines, and Shirley Hooks (erroneously identified as "Shirley Cook") (hereinafter "defendants"), by and through undersigned counsel, hereby file this Memorandum of Law in Support of their Motion to Compel the production of any and all documents that relate to plaintiff's claim for damages.

**STATEMENT OF FACTS**

Plaintiff Rashad Payne has filed this civil rights suit, alleging that his constitutionally-protected rights were violated when allegedly confidential information was released by DHS social workers in response to a subpoena served by plaintiff's estranged wife's attorney. Plaintiff Payne contends in this lawsuit that as a result of defendants' actions, he "suffered and continues to suffer serious mental anguish, psychological and emotional distress[.]" See Complaint, ¶ 35. Plaintiff Payne further alleges that defendants' actions caused him "fear, anxiety, embarrassment, severe emotional trauma[.]" See Complaint, ¶ 45.

By agreement of counsel, plaintiff Payne's deposition was scheduled to be held on February 4, 2004. Defense counsel served a notice of deposition on plaintiff Payne, which included a "Schedule A" that required plaintiff to bring with him to his deposition "any and all documents, including but not limited to medical records . . . that refer or relate to, or otherwise support, plaintiff's claimed damages in this lawsuit." See Exhibit 1 hereto.

Plaintiff Payne did not bring any such documents to his deposition. However, at that deposition on February 4, 2004, plaintiff Payne testified that he has received mental health counseling and/or therapy through "Delaware Valley Services" and from a Dr. Dikan. See Deposition of Rashad Payne at p. 155-157, Exhibit 2 hereto. Defense counsel requested production of such records, pointing out that the Federal Rules of Civil Procedure require production of documents that relate to plaintiff's claim for damages; plaintiff's counsel agreed. See Deposition of Rashad Payne at p. 157, Exhibit 2 hereto.

During subsequent conversations, defense counsel has renewed the request for production of these records. On March 9, defense counsel sent plaintiff's counsel a letter, reminding plaintiff's counsel of the outstanding request, and the numerous conversations between counsel concerning same, and requested immediate production of records from mental health professionals seen by plaintiff. See Exhibit 3 hereto. Plaintiff has not provided the requested records.

**ARGUMENT**

Federal Rule of Civil Procedure 26(a)(1)(C) requires the party seeking damages to provide

> a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the document or

> other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

Plaintiff has simply and completely failed to provide this statement of damaged required under the rules pertaining to Initial Disclosures.

Moreover, as is permitted under Rule 30(b)(5), defendants included a Request for Production of Documents with their deposition notice directed to plaintiff. Defendants requested production of "any and all documents, including but not limited to medical records . . . that refer or relate to, or otherwise support, plaintiff's claimed damages in this lawsuit." See Exhibit 1 hereto. Plaintiff ignored this request, and appeared at deposition without such records.

At the deposition, plaintiff acknowledged that he has seen at least two mental health professionals. Despite repeated requests for production of records, plaintiff has failed to provide his mental health records. In fact, plaintiff has produced no documentation whatsoever that would tend to support his claim that he suffered "serious mental anguish, psychological and emotional distress" or "fear, anxiety, embarrassment, severe emotional trauma" as a result of defendant's actions.

Plainly, the records generated by plaintiff's mental heath care providers would shed light on plaintiff's emotional damages claims. When a plaintiff's claim is based in whole or in part on alleged emotional damages, the opposing party is entitled to the plaintiff's mental health records. See Sarko v. Penn-Del Directory Co., 170 F.R.D. 127, 130 (E.D. Pa. 1997); see also Sanchez v. U.S. Airways, Inc., 2001 WL 311271 (E.D. Pa., Mar. 29, 2001).

Defendants have been severely prejudiced by plaintiff's refusal to produce such records, as they have not been given access to contemporaneous statements made to mental health

providers. Plaintiff cannot have it both ways: he cannot claim "severe emotional trauma," but deny the defendant access to records that bear directly on that claim.

**CONCLUSION**

Defendants respectfully request that this Court enter an Order requiring plaintiff to produce all documents referring or relating to his damages claim without further delay. Defendants further request that, should plaintiff fail to comply with the Court's Order, that the Court impose sanctions as may be deemed appropriate, including preclusion of evidence and/or dismissal of plaintiff's claim.

` `

RESPECTFULLY SUBMITTED:
City of Philadelphia Law Department

___________________________

Lynne A. Sitarski
Deputy City Solicitor
Law Department - Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

DATED: March 26, 2004

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RASHAD PAYNE,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| **VS.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | **No. 03-3919** |
| | : | |
| **Defendants.** | : | |
| | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2004, I caused a copy of the Defendants' Motion to Compel the Production of Documents Relating to Damages Claim, Including but Not Limited to Mental Health Records, to be served upon counsel for the plaintiff, via first class mail, postage prepaid, as follows:

Michael Pileggi, Esquire
303 Chestnut Street
Philadelphia PA 19106

By: ______________________________
Lynne A. Sitarski
Deputy City Solicitor

DATED: March 26, 2004